IN THE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **SAMUEL FERNANDEZ,** on Behalf of Himself and on Behalf of Others Similarly Situated**,** | § § § § | CA No._____ |
| Plaintiff, | § § | JURY DEMANDED |
| v. | § § | |
| **MILLCOM CABLE SERVICE LLC, PERFECTVISION MANUFACTURING, INC. d/b/a PERFECT 10 and ANTHONY MILLER,** | § § § § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

### 1. SUMMARY

1.1. Defendants, MILLCOM CABLE SERVICE, LLC, PERFECTVISION MANUFACTURING, INC. d/b/a PERFECT 10 and ANTHONY MILLER ("Defendants"), failed to pay Plaintiff, SAMUEL FERNANDEZ ("Plaintiff") and its other internet installers/technicians all wages earned, including overtime wages, when they work/worked more than forty (40) hours in a workweek as required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq*. Defendants also make improper deductions from Plaintiffs' earned wages in violation of the FLSA. Further, Defendants failed to pay Plaintiff for travel in between jobs and time spent at mandatory meetings.

1.2 Plaintiff and the similarly situated individuals he seeks to represent, are current and former employees and/or independent contractors of Defendants who worked as an internet installer/technician within the last three years (hereinafter referred to as "Class Members").

1.3 Defendants' pay practices and policies applied not only to Plaintiff, but also to all Class Members. Therefore, Plaintiff brings this suit on behalf of himself and other similarly situated internet installers/technicians.

## 2. JURISDICTION

2.1. This Court has federal question jurisdiction of this action under 28 U.S.C. §1331 as this case is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b).

## 3. VENUE

3.1. Venue of this action is proper in this court, pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## 4. PARTIES

4.1. Plaintiff, Samuel Fernandez, lives in the Southern District of Texas. Plaintiff is a former employee of Defendants and worked as a internet installer/technician. His written consent to join this lawsuit is attached hereto as Exhibit 1.

4.2. The class of similarly situated employees consists of all internet installers/technicians who worked for Defendants within the last three years (hereinafter referred to as the "Class Members").

4.3. Defendant MILLCOM CABLE SERVICE, LLC, PERFECTVISION MANUFACTURING, INC. d/b/a PERFECT 10 and ANTHONY MILLER (hereinafter referred to as "Millcom," "Perfect 10," "Miller" or collectively "Defendants") are employers qualified to do business in Texas.

4.4. Defendant Millcom is liable as Plaintiff's "employer" under the FLSA to comply with the minimum and overtime wage provisions set forth herein. Defendant Millcom can be

served by, serving its Registered Agent for Service of Process, Anthony Miller, 5304 Livermore Drive, Arlington, Texas 76017.

4.5. Defendant Perfect 10 is liable as Plaintiff's "employer" under the FLSA to comply with the minimum and overtime wage provisions set forth herein. Defendant Perfect 10 can be served by, serving its Registered Agent for Service of Process, Charles Darwin 'Skip' Davidson at 724 Garland Street, Little Rock, AR 72201.

4.6. Defendant Anthony Miller is an individual and the owner of Defendant Millcom. He controlled the day to day operations of Defendant Millcom as well as supervised, determined the pay rate and determined the classification for Plaintiff and Class Members. Defendant Anthony Miller may be served at 5304 Livermore Drive, Arlington, Texas 76017.

## 5. FLSA COVERAGE

5.1 At all times relevant to this dispute, Defendants Millcom and Perfect 10 are enterprises within the meaning of the FLSA. 29 U.S.C. §203(r).

5.2 At all times relevant to this dispute, Defendants Millcom and Perfect 10 are enterprises that engage in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. §203(s)(1).

5.3 At all times relevant to this dispute, Defendants Millcom and Perfect 10 had/has annual gross sales in excess of $500,000.00.

5.4 At all times relevant to this dispute, Plaintiff and the Class Members were employees engaged in commerce or the production of goods for commerce as required by 29 U.S.C. §207.

5.5 At all times relevant to this dispute, Anthony Miller acted directly or indirectly in the

interest of Defendants Millcom and/or Perfect 10 in relation to Plaintiff and the Class Members and exercised control over the nature and structure of the work situation including but not limited to hiring, firing, rate of pay and payroll.  Accordingly, Anthony Miller is liable as Plaintiffs "employer" under the FLSA to comply with the provisions set forth therein.

## 6.   BACKGROUND FACTS

6.1   Defendant Millcom is an internet installation company.   Defendant Perfect 10 is a privately owned telecommunications company.

6.2   Defendant Anthony Miller owns Defendant Millcom and supervised Plaintiff and the Class Members, determined their classification as independent contractors, determined their rate of pay, made decisions as to hiring and firing, and day to day operations.

6.2   Plaintiff worked as an internet technician/installer for Defendants.  He worked for Defendants from February 2017 to July 24, 2019.

6.3.  Plaintiff was classified as an independent contractor by Defendants.  He did not receive overtime compensation however he was expected to work over forty (40) hours per week (and did in fact work over forty (40) hours per week) during that time period.

6.4   The other internet installers/technicians that Plaintiff worked with also work/worked over forty (40) hours per week and did not receive overtime compensation in accordance with the FLSA.

6.5   Due to the high volume of work, Plaintiff was often required to work long hours (over 40 hours per work week).  Defendants were aware that Plaintiff and the Class Members work/worked over forty hours per work week to meet Defendants' business needs.

6.6   Defendants dictated what hours Plaintiff worked, told him what work he was required to

      complete and the specifications on how the work was to be completed.  Plaintiff routinely worked from 65-70 hours per week.

6.5    Defendants controlled all the conditions of Plaintiff's employment.  Defendants determined Plaintiff's pay rate, the schedule he worked, the tools he was required to purchase and the policies and procedures Plaintiff and the other Class Members are/were required to follow.

6.6    Defendants also required Plaintiff and the Class Members log in to a mobile app called FSM Mobile.  All internet installers/technicians who worked for Defendants were required to log in to the FSM Mobile app and Defendants used this to track their work, locations and jobs throughout the day.

6.7    As an internet installer/technician, Plaintiff's primary duties included, installing internet service in customers' homes.  Plaintiff and the Class Members were required to install the internet antenna and modem, run cables to the modem and activate the internet service including assisting customers with setting up their logins and passwords.  Plaintiff and the Class Members were also required to video call a Perfect 10 representative and/or upload pictures of their work into an app for approval.   Plaintiff and the Class Members were also required to attend meetings approximately once a month.  These meetings were mandatory and could last up to three (3) hours.   Plaintiff and the Class Members were not compensated for these meetings and if they did not attend, they could face termination or not receive any more work from Defendants.

6.8    Plaintiff and the Class Members were required by Defendants to upload pictures or engage in live video to have their work checked and approved prior to leaving a customers' home where they performed work.  Defendants would also check Plaintiff and

the Class Members work and if the work failed the inspection, Plaintiff and the Class Members would not be paid for their work, despite spending hours at the customer's home and performing the installation.

6.9 Plaintiff and the Class Members do/did not have the authority to make unilateral decisions regarding the work assigned by Defendants. Plaintiff and the Class Members could/cannot arbitrarily make changes to anything without Defendants' approval.

6.10 Plaintiff and Class Members do/did not have authority to hire or fire any of Defendants employees and do not have authority to set pay.

6.12 As internet installers/technicians, Plaintiff and Class Members regularly work/worked more than forty (40) hours per workweek. Neither he nor any of the other Class Members had authority to (nor did they): manage an enterprise, hire or fire other employees, set the pay rates of other employees, create policies or procedures to govern Defendants' employees, handle employee grievances, determine the type of equipment or materials that Defendants could use in its operations, enter into contracts on behalf of Defendants or otherwise have operational control over Defendants' business operations and practices. Moreover, Plaintiff and the Class Members did not perform office or non-manual work directly related to the management or general business operations of Defendants or its customers, nor did they exercise discretion and independent judgment with respect to matters of significance in the conduct of Defendants' business.

6.11 Plaintiff and the Class Members are/were subject to a single policy and pay plan that they are paid the same amount no matter how many hours they work based on a piece rate system designated by Defendants. They also were subject to the same policy and plan

      that they were not paid for mandatory meetings, were subject to deductions from their earned wages and were not paid for all hours worked (including travel between jobs).

6.12    Plaintiff and the Class Members were at all times "non-exempt" employees and eligible to receive overtime pay pursuant to Section 207 of the FLSA.

6.13    Defendants improperly classified Plaintiff and the Class Members as independent contractors. Defendants still fail to pay Plaintiff and the Class Members overtime wages and all wages earned in accordance with the FLSA.

6.14    Defendants also made improper deductions from Plaintiff's wages for purported quality control inspections where Plaintiff and the Class Members are penalized wrongfully, at time for jobs they were/are not responsible for, and thus amount are deducted from their wages earned. Plaintiff is aware of other internet installers/technicians who are/were also subject to deductions in which significant amounts are/were wrongfully deducted from their wages in violation of the FLSA.

6.15    During his employment, there were other internet installers/technicians in Texas working for Defendants who were/are subject to the same pay policy/plan described herein, misclassified as independent contractors, work/worked overtime hours, and were/are not compensated in accordance with the FLSA by Defendant. Plaintiff is also aware that Defendants operate in other states outside of Texas where internet installers/technicians perform the same work, are misclassified as independent contractors, and are subject to the same policies that have been described herein.

## 7. COLLECTIVE ACTION ALLEGATIONS

7.1    Plaintiff brings this suit as a collective action pursuant to 29 U.S.C. §216(b) on behalf of himself and all other persons employed by Defendants as internet installers/technicians

within three (3) years from the filing of this suit who, like Plaintiff, (1) have not been compensated for all hours worked, (2) have not received overtime compensation or have not been compensated at one and a half times their regular rate of pay for all hours worked in excess of forty (40) in a single work week and/or (3) have been subjected to deductions from their earned wages in violation of the FLSA.

7.2  Defendants classified/classifies as independent contractors and paid/pays all of its internet installers/technicians in the manner described above. Defendants maintain a common pay practice or policy and the Class Members are similarly situated to Plaintiff.

7.3  Defendants' internet installers/technicians all performed the same/similar essential job functions and duties, notwithstanding the fact that one employee might have more tenure or experience than another employee in the same or similar position. Therefore, the Class Members are similarly situated to Plaintiff.

7.4  The damages for each individual can easily be calculated using the same methodology and formula although the exact amount of the damages may vary.

7.5  Defendants possesses the names and addresses of Class Members in its records. The Class Members should be allowed to receive notice about this lawsuit and given an opportunity to join. Like Plaintiff, these similarly situated workers are entitled to recover their unpaid wages, overtime wages, liquidated damages, attorneys' fees and other damages. Therefore, notice is appropriately sent to the following class:

> **All internet installers/technicians that worked for Defendants at any time from [three years before date of mailing of Notice and Consent] up to [the date of mailing of Notice and Consent].**

## 8. CAUSES OF ACTION

8.1　Plaintiff incorporates the allegation in the preceding paragraphs.

8.2　Defendants misclassified Plaintiff and the Class Members as independent contractors, failed to pay them wages for all hours worked (including but not limited to failing to pay wages earned in last paycheck when Plaintiff and Class Members resigned or were terminated), subjected them to improper wage deductions thus failing to pay all wages earned, failed to pay for time spent at mandatory meetings and travel time between jobs, and/or failed to pay them all overtime wages required by the FLSA for all hours worked over forty (40) hours per work week.

8.3　Defendants' failure to pay overtime wages and/or wages earned to Plaintiff and the Class Members in accordance with the FLSA was willful as that term is defined by Section 255(a) and was not based on a good faith belief that its conduct complied with the FLSA. Therefore, the three (3) years statute of limitations period applies to Plaintiff's and the Class Members' damages in this case.

8.4　Plaintiff and the Class Members are entitled to wages for all hours worked, overtime wages for all hours worked in excess of forty (40) in a workweek, an amount equal to all of their unpaid wages as liquidated damages, as well as their reasonable and necessary attorneys' fees and costs of this action.  29 U.S.C. §216(b).

## 9. JURY DEMAND

9.1　Plaintiff hereby demands a trial by jury.

## 10. PRAYER

10.1　Plaintiff respectfully requests that judgment be entered against Defendants, awarding him and all similarly situated employees:

10.1.1   Unpaid wages for all hours work during the period specified herein.

10.1.2   Overtime compensation for all hours worked in excess of forty (40) per work week at the rate of one and a half times his regular rate of pay;

10.1.3   An equal amount of liquidated damages;

10.1.4   Order Defendants to pay reasonable costs and attorney's fees in this action; and,

10.1.5   Order and grant such other relief as is proper and just.

Respectfully Submitted,

*/s/ Gregg M. Rosenberg*
Gregg M. Rosenberg
USDC SD/TX No. 7325
Texas State Bar ID 17268750
gregg@rosenberglaw.com
Tracey D. Lewis
USDC SD/TX No. 212007
Texas State Bar ID 24090230
tracey@rosenberglaw.com
ROSENBERG & SPROVACH
3518 Travis Street, Suite 200
Houston, Texas 77002
(713) 960-8300
(713) 621-6670 (Facsimile)

Attorney-in-Charge for Plaintiff

OF COUNSEL:
ROSENBERG & SPROVACH                ATTORNEYS FOR PLAINTIFF